UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RONALD BROOKS,                                  :

    Petitioner,                    :   10 Civ. 3872 (RJH) (AJP)

   -against-                             :   **REPORT AND RECOMMENDATION**

SUPT. JAMES CONWAY,                             :

    Respondent.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Richard J. Holwell, United States District Judge:**

   Petitioner Ronald Brooks brings a pro se petition for a writ of habeas corpus, alleging four grounds. (Dkt. No. 2: Pet. ¶ 12(A)-(D).) His petition also states that he "will be presenting a petition to the State Court under a post conviction motion to raise[] the ground of ineffective assistance of counsel" by both trial and appellate counsel, and Brooks notes that his federal habeas petition is filed now "to comply with the time restrictions for submitting a petition in federal court under the provisions of the AEDPA." (Pet. ¶ 14.) While the petition does not explicitly raise the unexhausted ineffective assistance of counsel claims or explicitly seek a stay and abeyance, as a practical matter that is exactly what Brooks is seeking.

   The New York Court of Appeals denied leave to appeal on July 30, 2009. People v. Brooks, 12 N.Y.3d 923, 884 N.Y.S. 2d 704 (2009). Brooks did not petition the U.S. Supreme Court for a writ of certiorari, but he had 90 days to do so, i.e., until October 28, 2009. Under the AEDPA, Brooks has one year to file his habeas petition, i.e., until October 28, 2010. In addition, if he files

H:\OPIN\

his state C.P.L. § 440 motion in the trial court and/or a writ of error coram nobis in the First Department before October 28, 2010, the time such collateral motions are pending is excluded from the AEDPA one year limitation period. See 28 U.S.C. § 2244(d)(2).

Because Brooks has at least four months (i.e., from now until October 28, 2010) – and longer so long as he files his state collateral motions before October 28, 2010 – to bring a timely and fully-exhausted federal habeas petition, a "Zarvela"[1] stay and abeyance of a mixed habeas petition is neither necessary nor appropriate, and accordingly Brooks' petition should be dismissed without prejudice. See, e.g., Edmonds v. Perez, 08 Civ. 4388, 2008 WL 2773716 at *1 (S.D.N.Y. July 16, 2008) (Peck, M.J.), report & rec. asopted, 2008 WL 4369314 (S.D.N.Y. Sept. 25, 2008); Pettus v. McGinnis, 04 Civ. 2619, 2005 WL 1163008 at *2 (S.D.N.Y. May 18, 2005) (Peck, M.J.), report & rec. adopted, 2005 WL 1338818 (S.D.N.Y. June 8, 2005).[2]

## CONCLUSION

For the reasons stated above, Brooks' petition should be dismissed without prejudice to allow him to exhaust his ineffective assistance claims in state court, since he still will have time to re-file his petition before expiration of the AEDPA limitations period.

---

[1]    Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert. denied, 534 U.S. 1015, 122 S. Ct. 506 (2001); see also, e.g., Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005).

[2]    See also, e.g., Sanchez v. Green, 02 Civ. 4803, 2003 WL 132538 at *3 (S.D.N.Y. Jan. 16, 2003) (Peck, M.J.); King v. Greiner, 02 Civ. 5510, 2002 WL 31453976 at *2-3 (S.D.N.Y. Nov. 5, 2002) (Peck, M.J.) (where petitioner had 112 days before expiration of AEDPA limitations period, dismissal without prejudice rather than a Zarvela stay was ordered) (& cases cited therein), report & rec. adopted, 2003 WL 57307 (S.D.N.Y. Jan. 7, 2003).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Holwell (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:      New York, New York
            June 14, 2010

                              Respectfully submitted,


                              _____
                              **Andrew J. Peck**
                              United States Magistrate Judge


Copies to:   Ronald Brooks
             Judge Richard J. Holwell